IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>PARON CAPITAL MANAGEMENT, LLC, and JAMES D. CROMBIE,<br><br>    Defendants.<br>_____/ | No. C 11-4577 CW<br><br>ORDER DENYING DEFENDANT JAMES D. CROMBIE'S MOTION TO DISMISS AND TO STRIKE<br>(Docket No. 17) |

   Defendant James D. Crombie moves to dismiss the complaint filed against him by Plaintiff United States Commodity Futures Trading Commission.  Plaintiff opposes Defendant's motion.[1]  The Court has taken the motion under submission on the papers.  Having considered the papers filed by the papers, the Court DENIES Defendant's motion.

                              BACKGROUND

   Plaintiff is an independent federal regulatory agency charged by Congress with the administration and enforcement of the Commodity Exchange Act.  Compl. ¶ 12.

   The National Futures Association (NFA) is a private corporation registered as a futures association with Plaintiff

---

[1] On December 1, 2011, Defendant Paron Capital Management, LLC also filed an opposition to Mr. Crombie's motion to dismiss. See Docket No. 39.  This filing was filed after November 28, 2011, the opposition deadline.  The Court STRIKES the untimely filing and deems Mr. Crombie's additional reply thereto to be moot.

pursuant to 7 U.S.C. § 21. Id. at 12. Pursuant to delegated authority, NFA is responsible for some aspects of the regulation of certain futures entities who are NFA members, including commodity trading advisors (CTAs). Id.

Defendant Paron Capital Management is a Delaware corporation that has been listed with Plaintiff as a CTA under an NFA identification number since August 2, 2010. Id. at ¶ 14. Paron Capital Management was originally founded in 2005 as JDC Ventures, LLC, an entity solely owned and managed by Mr. Crombie. Id. According to Paron Capital Management's June 2, 2010 Limited Liability Company Agreement, Mr. Crombie was obliged to transfer all rights, title and interest in the property and assets of JDC Ventures, LLC to Paron Capital Management. Id. at ¶ 18. Mr. Crombie possessed a seventy-five percent initial interest in Paron Capital Management. Id. at ¶ 13. Paron Capital Management has two other members, Peter J. McConnon and Timothy D. Lyons, who are not named in the present action. Id. at ¶¶ 14, 16-17.

Plaintiff alleges that, between August 2010 and March 2011, Defendants "used promotional materials" that "omitted material information and contained material misrepresentations and misstatements about the historical rate of return achieved by Mr. Crombie and Paron Capital Management's predecessor-in-interest, JDC Ventures, LLC," in order to "cheat or defraud clients by soliciting customers to trade commodity futures with Paron." Compl. ¶¶ 3, 22, 53. In March 2011, Mr. Crombie allegedly made

2

repeated "false, fictitious, or fraudulent statements" to NFA "during an NFA investigation and audit of Paron conducted pursuant to NFA's official duties under the Commodity Exchange Act" in order to prevent NFA from discovering these activities and to "impede NFA's investigation and audit of Paron." Id. at ¶¶ 1-2, 23-39.

One specific alleged false statement concerns a $50,000 payment from JDC Ventures, LLC to Mark Steele. Id. at ¶ 36. Plaintiff alleges that Mr. Crombie told NFA that the payment was for services that Mr. Steele and Mr. Steele's company had provided to JDC Ventures, LLC, but that this statement was false and that Mr. Steele stated "that the $50,000 payment he had received from JDC was repayment of a personal loan owed to him by Crombie." Id.

Based on the above allegations, Plaintiff filed a complaint with this Court on September 15, 2011, alleging that Defendants committed various violations of the Commodity Exchange Act.

Mr. Crombie moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(7) for failure to join Mr. McConnon and Mr. Lyons as defendants to this action. Mr. Crombie also moves to strike the allegations related to Mr. Steele from Plaintiff's complaint.

DISCUSSION

I.  Motion to Dismiss under Rule 12(b)(7)

Under Federal Rule of Civil Procedure 12(b)(7), a party may bring a motion to dismiss if a plaintiff has failed "to join a

3

party under Rule 19." As the party moving for dismissal, Mr. Crombie bears the burden of persuasion. Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990). In the context of a motion to dismiss an action under Rule 12(b)(7), a court accepts "as true the allegations in Plaintiff's complaint and draw all reasonable inferences in Plaintiff's favor." Paiute-Shoshone Indians of the Bishop Cmty. v. City of Los Angeles, 637 F.3d 993, 996 n.1 (9th Cir. 2011).

"A Rule 19 motion poses three successive inquiries." EEOC v. Peabody Western Coal Co., 610 F.3d 1070, 1078 (9th Cir. 2010) (internal quotation marks and citations omitted). "First, the court must determine whether a nonparty should be joined under Rule 19(a)." Id. (internal quotation marks and citations omitted). Under that rule, a party is required and must be joined as a party if, among other things, that "person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). "If an absentee meets the requirements of Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." EEOC v. Peabody Western Coal Co., 610 F.3d at 1078 (internal quotation marks and citations omitted). "Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee or whether the action must be dismissed." Id.

4

In its complaint, Plaintiff alleges that Mr. Crombie directly and individually committed the violations at issue in this lawsuit.  To the extent that Mr. Crombie argues that Plaintiff will not be able ultimately to prove the allegations against him, this argument is not appropriate for consideration under a Rule 12(b)(7) motion and will be more appropriately made in the context of a motion for summary judgment.

Mr. Crombie argues that Plaintiff should have charged Mr. McConnon and Mr. Lyons with violations of the Commodity Exchange Act in addition to, or instead of, him.  A federal "agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion," which courts lack jurisdiction to review. Heckler v. Chaney, 470 U.S. 821, 831 (1985).  See also SEC v. Princeton Econ. Int'l Ltd., 2001 U.S. Dist. LEXIS 948, at *3 (S.D.N.Y. Feb. 5, 2001)  ("The SEC and the CFTC are the sole architects of their enforcement proceedings and [the defendant] may not circumvent the exercise of agency discretion through compulsory joinder rules.").  Mr. Crombie makes no allegation that Plaintiff has violated any Congressionally-mandated guidelines in deciding not to charge Mr. McConnon and Mr. Lyons or that it has abdicated its statutory enforcement responsibilities by doing so. Mr. Crombie instead argues that leaving them out would subject him to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations, because past investors or individuals

5

like Mr. Steele may decide to file additional false lawsuits against him. Reply at 6. "By 'inconsistent obligations' Rule 19(a) means 'inconsistent court orders such that compliance with one might breach another.'" Creative Labs v. Cyrix Corp., 1997 U.S. Dist. LEXIS 15704, at *7 (N.D. Cal.) (quoting 4 Moore's Federal Practice 3d § 19.03[4][d]). Mr. Crombie does not establish that the mere possibility of future litigation meets this burden or that adding Mr. McConnon and Mr. Lyons to this action would affect Mr. Crombie's risk of future litigation.

Accordingly, the Court DENIES Mr. Crombie's motion to dismiss under Federal Rule of Civil Procedure 12(b)(7).

II. Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal formatting, quotation marks and citations omitted), rev'd on other grounds, 510 U.S. 517 (1994).

Mr. Crombie alleges that the statements related to Mr. Steele are immaterial, impertinent and scandalous, because they are irrelevant to the claims in the complaint and because they are factually incorrect. Mot. at 6; Reply, at 6-7. A motion to

6

strike is not a proper vehicle through which to challenge the ultimate merits of portions of the complaint.  See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (stating that a Rule 12(f) motion to strike is not an appropriate vehicle through which to seek dismissal of portions of a complaint or summary judgment thereon).  Plaintiff charges that Mr. Crombie lied to NFA regarding the nature of an alleged payment from JDC Ventures, LLC to Mr. Steele during the course of the NFA's investigation of Paron Capital Management, the successor-in-interest to JDC Ventures, LLC, and that this renders him liable under 7 U.S.C. § 13(a)(4).  Thus, the allegations related to Mr. Steele are relevant to the claims against Mr. Crombie.

Accordingly, the Court DENIES Mr. Crombie's motion to strike.

CONCLUSION

For the reasons set forth above, Defendant Crombie's motion to dismiss and to strike is DENIED (Docket No. 17).  In so ruling, the Court expresses no opinion regarding the ultimate merits of any claims against any party or non-party.

IT IS SO ORDERED.

Dated: 12/20/2011

CLAUDIA WILKEN
United States District Judge