# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PARON CAPITAL MANAGEMENT, LLC and JAMES D. CROMBIE,<br><br>Defendants. | Case No. 11-cv-04577 CW (NC)<br><br>**ORDER RE: DISCOVERY STATUS CONFERENCE**<br><br>Re: Dkt. No. 77 |

The Court conducted a telephonic discovery status conference on February 15, 2012, to address several discovery disputes raised in the parties' joint statement, Dkt. No. 77. All parties participated in the conference. Based on the representations made by the parties at the conference, and the parties' joint statement, the Court orders the following:

1. Crombie's request to seek discovery from third-parties Nirvana Solutions, Spectrum Fund Administration, and Connie Lau is granted.

2. Crombie's request to compel Peter McConnon and Timothy Lyons to respond to the interrogatories and request for admission he served on each of them is denied without prejudice. Crombie may renew his request after District Judge Wilken resolves the issue of whether Crombie's service of his third-party complaint on McConnon and Lyons was adequate.

3. Crombie's request to remove the protective order currently governing Paron's document production is denied for lack of good cause shown.

4. Crombie's request to obtain from Paron discovery generated after March 31, 2011, is denied, as Crombie has not established the relevance of the documents requested.  The Court may consider particularized requests with respect to discovery generated after March 31, 2011, only after the parties meet and confer further and the requesting party establishes the relevance of the discovery sought to the claims or defenses in this action.

5. Crombie's request to obtain "all" non-privileged documents contained in Paron's servers is denied, as the request is overly broad.  The Court may consider particularized requests with respect to these documents only after the parties meet and confer further and the requesting party establishes the relevance of the discovery sought to the claims or defenses in this action.

6. Crombie's request to obtain from Paron "all" documents that pertain to Salesforce.com is denied based on Paron's allegation that it has produced responsive documents.

7. Crombie's request to conduct depositions telephonically is denied without prejudice. The parties must meet and confer further and submit to the Court a stipulation prior to the first noticed deposition containing a detailed protocol addressing the parties' use of a conference call number and landlines, the exchange in advance of documents to be used during each deposition, the payment of court-reporter fees, and any other issues that would assist the efficient administration of justice.

8. Paron must serve a privilege log with respect to any documents it withheld from production based on a claim of privilege by March 9, 2012.

9. This Court will inquire into the status of discovery at the settlement conference currently scheduled for April 19, 2012.

IT IS SO ORDERED.

DATED: February 16, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge