IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>PARON CAPITAL MANAGEMENT, LLC; and JAMES D. CROMBIE,<br><br>    Defendants.<br>_____/<br>JAMES D. CROMBIE,<br><br>    Third-party Plaintiff,<br><br>    v.<br><br>PETER J. MCCONNON; TIMOTHY LYONS; and DOES 1-25,<br><br>    Third-party Defendants.<br>_____/ | No. C 11-4577 CW<br><br>ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT AND QUASHING SERVICE (Docket No. 82) |

Third-party Defendants Peter J. McConnon and Timothy Lyons move to dismiss Defendant and Third-party Plaintiff James D. Crombie's claims against them. Crombie opposes their motion. The Court took the motion under submission on the papers. Having considered the papers filed by the parties, the Court GRANTS the motion and QUASHES SERVICE on McConnon and Lyons.

                              BACKGROUND

On September 15, 2011, Plaintiff United States Commodity Futures Trading Commission (USCFTC) filed this action against Defendants Paron Capital Management, LLC and Crombie. USPTC alleges that Crombie violated the Commodity Exchange Act by making

false statements and providing fictitious documents on Paron's behalf to the National Futures Association (NFA), a registered futures association auditing Paron, and by soliciting potential customers, individually and on Paron's behalf, by using fraudulent promotional materials based on falsified and counterfeit account trading statements.

On December 21, 2011, Crombie filed a third-party complaint against McConnon, a resident of the United Kingdom, and Lyons, a resident of Nevada. Crombie alleges that McConnon and Lyons were responsible for all operational, banking and marketing aspects of Paron, that they were responsible for the misrepresentations in the statements, and that they authored and distributed the fraudulent promotional materials. Crombie also claims that McConnon and Lyons made various false, fictitious or fraudulent statements to the NFA, the USCFTC, this Court and the Delaware Chancery Court, in order to blame Crombie for their own violations of the Commodity Exchange Act. Crombie avers that McConnon and Lyons's fraudulent claims to the NFA and the CFTC have "resulted in millions of damages to . . . Crombie, and destroyed his reputation and good will in the market place." Id. at ¶ 33.

Paron is represented in this action by J. Noah Hagey and Mark P. Fickes of the law firm Braunhagey & Borden LLP. Fickes is also attorney of record in this case for McConnon and Lyons. Fickes Decl. ¶ 1. And, Fickes, Hagey and their law firm represent Paron, McConnon and Lyons in an action against Crombie in Delaware Chancery Court, Paron Capital Management, LLC v. Crombie, Case No. 6380-CVP (Del. Ch. Ct.), in which they bring claims for fraud and breach of fiduciary duty.

2

On December 22, 2011, Crombie's wife, Lynette T. Nguyen, left the summons and third-party complaint with the office manager at Braunhagey & Borden LLP. Fickes Decl. ¶ 2; Nguyen Decl. ¶¶ 1, 2. Nguyen asked the office manager, "Do you represent Peter McConnon and Tim Lyons?" and the office manager responded, "Yes." Nguyen Decl. ¶ 3. Nguyen also attests, "I then asked if she could accept the summons, to which she replied, 'Yes.'" Id. However, Nguyen did not explain that she had a summons and a third-party complaint. Fickes Decl. ¶ 2. The office manager did not have authority or discretion to accept service on behalf of McConnon and Lyons. Id. at ¶ 3. After Fickes realized the documents Nguyen had left were a summons and third-party complaint, he immediately notified Crombie that the law office was not authorized to accept service on behalf of McConnon or Lyons. Id. at ¶ 5. Crombie has not personally served Lyons in Nevada or served McConnon in England pursuant to the Hague Convention. Id. at ¶ 6.

On January 4, 2012, the Court held a case management conference. At that time, Paron's counsel advised the Court that it intended to bring a motion to dismiss the third-party complaint on several grounds, including, in anticipation of final judgment being entered in the Delaware case, res judicata, and the Court set a deadline of February 16, 2012 for McConnon and Lyons to respond to the third-party complaint. Fickes Decl. ¶ 7. In several subsequent filings made on behalf of Paron, Fickes and Hagey acknowledged the February 16, 2012 deadline. See Docket Nos. 68, 71.

3

United States District Court
For the Northern District of California

On January 24, 2012, the Delaware Chancery Court issued a memorandum opinion denying various post-trial motions submitted by Crombie there. Id. at ¶ 8. In the opinion, the court indicated that the matter is "fully submitted and ripe for final determination on the merits." Id.

On February 10, 2012, Crombie filed a voluntary petition for bankruptcy. See Request for Judicial Notice (RJN), Ex. A. As a result, the Delaware Chancery Court action has been stayed. Mot. at 4.

On February 16, 2012, McConnon and Lyons filed the instant motion to dismiss.[1] In their reply in support of their motion, McConnon and Lyons argue for the first time that Crombie does not have standing to pursue these claims, because he has filed for bankruptcy. With their reply, McConnon and Lyons submitted a copy of the bankruptcy petition filed on February 10, 2012 by Crombie and his wife under Chapter 7 of the Bankruptcy Code.[2] Neither

---

[1] In his opposition, Crombie requests that the instant motion be stricken from the record, because, although the motion was filed on the Electronic Case Filing (ECF) system on February 16, 2012, the filing deadline, McConnon and Lyons did not file a certificate of service until the next day, February 17, 2012. See Docket Nos. 82, 83.

General Order 45 provides, "The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case . . . shall constitute service on the attorney or other persons in a case subject to ECF." General Order 45 ¶ IX.B. See also id. at ¶ II.G.

Thus, the motion was properly served on Crombie when the ECF system sent him the Notice of Electronic Filing on February 16, 2012. Accordingly, Crombie's request to strike is DENIED.

[2] McConnon and Lyons ask that the Court take judicial notice of this document. Because its accuracy can be ascertained by reference to a source that cannot be readily questioned, the Court grants their request and takes judicial notice of this filing.

this suit nor the Delaware action are listed on Crombie's bankruptcy petition or the schedules accompanying them.

On March 6, 2012, the Court granted Crombie leave to file a sur-reply to address McConnon and Lyon's standing argument. Crombie filed his sur-reply on March 9, 2012.[3]

DISCUSSION

I. Insufficient Service of Process under Rule 12(b)(5)

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). A court may dismiss the action without prejudice pursuant to Rule 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

Crombie asserts that he properly served McConnon and Lyons because his wife gave the documents to their attorneys' office manager, who allegedly affirmed that she could accept them.

Although Crombie states that by doing so he effected proper service under "Rule 4(c)," he appears to be relying on Rule

---

[3] In his sur-reply, Crombie asks that the bankruptcy petition be placed under seal. However, Crombie and his wife have already filed the petition and other documents in the public docket of their bankruptcy case. Because he has already made these documents publicly available, Crombie has not presented good cause to remove them from the public record here.

5

4(e)(2)(C). This subsection provides that an individual may be served within a judicial district of the United States by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Federal Rule of Civil Procedure 4(e)(2)(C). However, even if a person states that he or she is authorized to accept service, that is not proof that the person actually has the authority to do so. The Ninth Circuit has held that service of process on a law firm is ineffective unless it has specific authority to accept such service. Pochiro v. Prudential Ins. Co., 827 F.2d 1246, 1248-1249 (9th Cir. 1987). Crombie provides no evidence that the office manager had actual authority to accept service of process or to contradict the sworn declaration of Fickes that his firm's office manager did not have authority to accept service.

    Instead of actual authority, Crombie appears to be arguing that the office manager had ostensible authority to accept service, because she represented herself as having the authority receive service, and that service was therefore sufficient. "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." Pasadena Medi-Center Assocs. v. Superior Ct., 9 Cal. 3d 773, 780 (1973) (citing California Civil Code section 2317) (emphasis added). Thus, the representations of the purported agent are irrelevant; instead, the relevant inquiry is whether McConnon and Lyons, as the principals, did anything that intentionally or negligently caused Crombie to believe reasonably that the office manager was authorized to receive service. See Big B Auto. Warehouse Distribs., Inc. v. Cooperative Computing,

6

Inc., 2000 U.S. Dist. LEXIS 16363, at *12 (N.D. Cal.) ("The act or declaration of the agent alone can never establish ostensible authority; there must be some conduct on the part of the alleged principal."). Crombie has offered no evidence that McConnon or Lyons did anything that would have caused or allowed Crombie to believe that the office manager was so authorized. See also Champman v. Teamsters Local 853, 2007 U.S. Dist. LEXIS 83977, at *6-8 (N.D. Cal.) (holding that, where the process server spoke only to an employee who was not actually authorized to accept service, even though she allegedly stated that she was, "it is not possible for a . . . principal to have ostensibly granted [her] authority to receive service of process," and finding that service had not been perfected).

The Court notes that there is no evidence that the law firm for McConnon and Lyons acted in bad faith or intentionally or negligently misled Crombie. At the time that Nguyen left the summons and third-party complaint at the law firm's office, the parties were engaged in several other legal disputes, either in their individual capacities or through Paron, and she did not make clear that she was leaving a summons and third-party complaint, rather than, for example, documents being served for one of the other ongoing cases. Moreover, the uncontradicted evidence in the record shows that, on the same day that the documents were left, McConnon and Lyons's attorney notified Crombie that the firm was not authorized to accept service of process. Given this prompt notification, Crombie could not have reasonably relied on the office manager's alleged statement to believe that he had perfected service upon McConnon and Lyons.

7

Crombie also argues that, through their counsel, McConnon and Lyons waived any objection to service of process under Rule 4. Crombie points to two items in support of this: first, that their attorney appeared at the case management conference on January 4, 2012 and asked for additional time to file an answer or otherwise respond to the third-party complaint; and second, that their attorney acknowledged the third-party complaint and time extension in a stipulation with USCFTC, in which Paron and USCFTC agreed to extend the time allowed for Paron to respond to the initial complaint.[4] First, McConnon and Lyons did not participate in the stipulation; the parties to the stipulation were Paron and USCFTC. Crombie provides no authority to support that Paron has the capacity to waive objections to service upon McConnon and Lyons, or that McConnon and Lyons's counsel could waive such objections by making a filing on behalf of his other client.

Further, Crombie does not persuasively argue that their attorney's appearance at the case management conference constituted a general appearance on behalf of McConnon and Lyons. The minute order reflects that the attorneys attended on behalf of Paron. While they did ask for additional time on behalf of McConnon and Lyons to respond to Crombie's third-party complaint, "a motion to extend time to respond gives no hint that the answer will waive personal jurisdiction defects, and is probably best

---

[4] Crombie describes this stipulation as "with the CFTC to extend time to file an answer to the Third-Party Complaint. (Docket No. 68)." Opp. at 4. However, Docket No. 68 is a stipulation between Paron and CFTC extending time to file an answer to CFTC's original complaint, initiating this action, and does not change any deadline related to the third-party complaint filed by Crombie.

8

viewed as a holding maneuver while counsel consider how to proceed," not a general appearance. Benny, 799 F.2d at 492-493 (holding that three pre-answer motions to enlarge time to respond to a complaint did not constitute a general appearance waiving objections to service of process under Rule 4).

However, although service was deficient, the Court DENIES the motion to dismiss on these grounds and instead exercises its discretion to QUASH SERVICE upon McConnon and Lyons. See S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006) ("if service [is] insufficient . . . the district court has discretion to dismiss an action or to quash service").

II. Failure to State a Claim under Rule 12(b)(6)

McConnon and Lyons argue that Crombie has not alleged the requisite elements for fraud under California law, and that his third-party complaint does not satisfy the heightened pleading requirement for fraud contained in Rule 9(b). Crombie responds primarily by pointing to evidence that he attaches to his opposition, not to allegations within the third-party complaint. Crombie also generally states that the relevant allegations are in paragraphs twenty-two through twenty-seven of his third-party complaint.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the

9

complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

Subject to certain exceptions, "'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The evidence attached to Crombie's opposition is not subject to judicial notice and is not incorporated by reference in the third-party complaint.

In Crombie's opposition, he clarifies that he is alleging that McConnon and Lyons were responsible for marketing and solicitation for Paron, made the misstatements and

10

1 misrepresentations in the marketing materials that are at issue in
2 the USCFTC complaint, and lied to the NFA, USCFTC, this Court and
3 the Delaware Chancery Court to cover up their misdeeds and blame
4 Crombie.

5 Under California law, "[t]he elements of intentional
6 misrepresentation, or actual fraud, are: '(1) misrepresentation
7 (false representation, concealment, or nondisclosure);
8 (2) knowledge of falsity (scienter); (3) intent to defraud (i.e.
9 to induce reliance); (4) justifiable reliance; and (5) resulting
10 damage.'" <u>Cross v. Wells Fargo Bank, N.A.</u>, 2011 U.S. Dist. LEXIS
11 141944, at *9-10 (C.D. Cal.) (quoting <u>Anderson v. Deloitte &
12 Touche LLP</u>, 56 Cal. App. 4th 1468, 1474 (1997)).

13 Crombie has failed to allege the reliance element for such a
14 claim. Crombie argues that McConnon and Lyons acted with the
15 intent to induce the NFA to take certain actions, <u>see</u> Opp. at 8,
16 not with the intent to induce reliance by Crombie. In essence, he
17 alleges that McConnon and Lyons acted to defraud other people, not
18 Crombie, and that this had an indirect detrimental effect on him.
19 Crombie does not allege in the third-party complaint that he
20 justifiably relied on any purportedly false statement made by
21 McConnon and Lyons or that he was damaged as a result of his
22 reliance theron. In his opposition, Crombie makes additional
23 allegations that would not be legally sufficient, even if they had
24 been in the third-party complaint itself. For example, Crombie
25 states that he relied on documents given to him by third-parties,
26 but does not state what actions he took in reliance on them or how
27 these documents were in any way connected to McConnon and Lyons.
28 He also states that he relied on McConnon and Lyons to turn over

11

relevant documents to the NFA prior to and during the investigation, but again does not state how this was connected to the misrepresentations or what actions he took in reliance on them. Crombie appears to argue that he was damaged by the NFA investigation and enforcement actions and the instant USCFTC lawsuit. However, he does not argue that these were caused by his own reliance on misrepresentations of McConnon and Lyons, but instead seems to suggest that the NFA was negligent in its investigations.

Crombie also fails to plead adequately a claim for fraud in other ways. While Crombie refers generally to purported misrepresentations, he largely does not specifically allege who stated them, what they were, when they were made, or how they were false, as required under Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. Crombie also fails to make an allegation that McConnon and Lyons made any false statements with knowledge of their falsity.

Accordingly, the Court GRANTS McConnon and Lyons's motion to dismiss Crombie's claims, which are all predicated in fraud or misrepresentation, and grants leave to amend.

III. Lack of Standing due to Bankruptcy Filing

McConnon and Lyons argue that, because Crombie has filed for Chapter 7 bankruptcy, his claims now belong to the bankruptcy estate and only the bankruptcy trustee has standing to pursue them. In his sur-reply, Crombie does not address their standing argument and instead argues that the automatic bankruptcy stay does not apply to his claims.

"Upon a declaration of bankruptcy, all of a petitioner's property becomes the property of the bankruptcy estate," including "'all legal or equitable interests of the debtor in property,' which has been interpreted to include causes of action." Flowers v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 75429, at *7-8 (N.D. Cal.) (citing, among others, 11 U.S.C. § 541(a); Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986)). "Accordingly, a bankruptcy petitioner loses standing for any causes of action and the estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims." Id. at *8 (citing In re Lopez, 283 B.R. 22, 28-32 (9th Cir. 2002); In re Pace, 146 B.R. 562, 565-66 (9th Cir. 1992)).

While Crombie may re-gain standing if the bankruptcy trustee abandons the claims, he has not provided any evidence that the trustee has done so. See, e.g., Rowland v. Novus Fin. Corp., 949 F. Supp. 1447, 1454 (D. Haw. 1996). Even if he were to re-gain standing, Crombie may be judicially estopped from asserting these claims in the future himself because of his failure to disclose them in his bankruptcy filings. See, e.g., Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-86 (9th Cir. 2001).

Accordingly, the Court GRANTS McConnon and Lyons's motion to dismiss Crombie's third-party complaint for lack of standing.

## CONCLUSION

For the reasons set forth above, the Court GRANTS McConnon and Lyons's motion to dismiss the third-party complaint (Docket No. 82). Dismissal is with leave to amend, but only by the bankruptcy trustee. The Court QUASHES SERVICE upon McConnon and Lyons.

The bankruptcy trustee may file an amended third-party complaint within two weeks of the date of this Order if he or she is able to remedy truthfully the deficiencies identified above. Similarly, if the bankruptcy trustee abandons the claims, Crombie may move for leave to file an amended complaint within two weeks after such an abandonment, if he is able to remedy truthfully the deficiencies identified above. If the bankruptcy trustee or Crombie files an amended third-complaint pursuant to this order, he or she is granted an additional ninety days from the date of filing to perfect service upon McConnon and Lyons.

IT IS SO ORDERED.

Dated: 4/6/2012

CLAUDIA WILKEN
United States District Judge

cc:

U.S. Bankruptcy Court
Northern District of California
RE: Bankruptcy Petition No. 12-10389

Trustee
Timothy W. Hoffman
P.O. Box 1761
Sebastopol, CA 95473
(707) 823-2066

United States Trustee
Office of the United States Trustee
235 Pine Street
Suite 700
San Francisco, CA 94104

14