1

2

3

4

5

6           **UNITED STATES DISTRICT COURT**

7          **NORTHERN DISTRICT OF CALIFORNIA**

8              **SAN FRANCISCO DIVISION**

9

10   UNITED STATES COMMODITY FUTURES    Case No. 11-cv-04577 CW (NC)
     TRADING COMMISSION,
11                                       **ORDER DENYING CROMBIE'S**
                           Plaintiff,    **MOTION TO DISQUALIFY**
12                                       **JUDGE, TO COMPEL, AND TO**
           v.                            **EXTEND DISCOVERY**
13
     PARON CAPITAL MANAGEMENT, LLC,      Re: Doc. Nos. 162, 163, 164, 165,
14   and JAMES D. CROMBIE,               166, 173, and 175

15                           Defendants.

16

17          Pro se defendant James Crombie moves to disqualify the magistrate judge from

18   further participation in this case due to an alleged conflict of interest; to compel the

19   production of documents by co-defendant Paron Capital Management; and to extend the

20   time period for discovery to December 31, 2012.  Doc. Nos. 162, 163.[1]

21          Crombie supplemented his motion with three requests for judicial notice of more

22   than 700 pages of materials.  Doc. Nos. 164, 165, 166.  Those requests included a

23   request to dismiss this case with prejudice and to sanction Paron for alleged "privacy

24   ethics offenses."  Doc. No. 164 at 13.

25          Plaintiff CFTC responded to Crombie's motion and objected to Crombie's

26   requests for judicial notice.  Doc. Nos. 167, 174.  Crombie replied.  Doc. No. 168.  Paron

27

28      [1]  Documents 162 and 163 are each 101 pages long, were filed on the same day,
     and appear to be identical.  I will rule on document 162, as it was filed first, and deny
     document 163 as a duplicate filing.

1   objected to Crombie's requests to compel and to extend discovery.  Doc. No. 180.

2   Crombie also filed two documents titled as "requests for ruling."  Doc. Nos. 173, 175.

3       For the reasons that follow, I deny the motion for disqualification, grant in part

4   and deny in part the requests for judicial notice, deny the motion to compel, and deny the

5   motion to extend discovery.[2]

6   **I.    Procedural History**

7       **A.    This Dispute**[3]

8       Plaintiff, the U.S. CFTC, charges that Paron Capital Management, LLC, by and

9   through Crombie, made fraudulent statements to the National Futures Association (NFA)

10  during an audit of Paron conducted by the NFA under the Commodities Exchange Act.

11  *See* Complaint, Doc. No. 1, filed Sept. 15, 2011, and Amended Complaint, Doc. No.

12  111, filed March 28, 2012.  CFTC alleges that Crombie was in control of Paron and

13  failed to act in good faith or knowingly induced the acts constituting Paron's violations

14  and is therefore liable for them.

15      On December 21, 2011, Crombie filed a third-party complaint against Peter

16  McConnon and Timothy Lyons.  McConnon and Lyons co-founded Paron with Crombie

17  and now are its sole remaining members.  In his third-party complaint, Crombie alleges

18  that McConnon and Lyons were responsible for the misrepresentations of Paron and that

19  they had made various false statements to the NFA, CFTC, the Delaware court, and this

20  Court.

21      On April 6, 2012, Judge Wilken granted McConnon and Lyons' motion to dismiss

22

23      [2] On August 9, Crombie filed a motion requesting "charges of contempt and
24  obstruction of justice" against CFTC and the National Futures Association, and on
    August 10, he filed a similar request seeking contempt against CFTC and Paron.  Doc.
25  Nos. 176, 177.  I denied these motions.  Doc. No. 179.  On October 14, Crombie filed a
26  separate motion to compel.  Doc. No. 239.  I will address this, and later filings, in
    separate orders.

27
28      [3] A more detailed procedural history of the case was set forth by Judge Wilken in
    her order denying Crombie's motion for leave to file an amended third-party complaint.
    Doc. No. 157, filed June 25, 2012.

1  Crombie's complaint against them.  Doc. No. 117, filed April 6, 2012.  The Court

2  permitted Crombie to move for leave to amend his complaint if he could remedy the

3  problems identified in the dismissal order.  Then, after Crombie moved for leave to filed

4  an amended complaint, the Court denied Crombie's request and denied leave for further

5  amendments.  Doc. No. 157, filed June 25, 2012.

6  　　　CFTC and Paron settled their dispute, resulting in a permanent injunction against

7  Paron.  Doc. No. 190, filed Sept. 5, 2012.  Accordingly, the claims that remain at issue in

8  the case are those by CFTC against Crombie.

9  　　　The District Court has referred all discovery in this case to me.  Doc. No. 30.

10  **B.　　Other Disputes**

11  　　　The resolution of the present motions requires reference to three other lawsuits in

12  three different courts:

13  　　　1.　　In Delaware Chancery Court, Paron Capital sued Crombie for fraud and

14  breach of fiduciary duty in April 2011.  That case resulted in a $35 million award against

15  Crombie, which he has challenged in a motion for reconsideration and vows to appeal.

16  *Paron Capital Management, LLC, et al. v. Crombie*, Del. Chancery, Case No. 6380-

17  VCP.  *See generally*, Joint Case Management, Doc. No. 56, discussing Delaware case.

18  　　　2.　　Crombie is a debtor in an adversarial Chapter 7 bankruptcy proceeding,

19  Case No. 12-bk-10389, pending in the U.S. Bankruptcy Court, Northern District of

20  California.  Crombie submitted to this Court a Joint Discovery Plan filed in the

21  Bankruptcy Court.  Doc. No. 162-1.

22  　　　3.　　Paron Capital is a plaintiff and cross-defendant in a dispute with Rothstein,

23  Kass & Company, an accounting firm.  That case is pending in San Francisco County

24  Superior Court, Case No. CGC-11-510203.  Crombie is not a party to that dispute, but

25  submitted copies of a motion for leave to file a cross-complaint (Doc. No. 162-2), and

26  the proposed cross-complaint and portions of depositions transcripts for Peter

27  McConnon and Timothy Lyons from that case (Doc. No. 162-3).

28

1

## II.     Motion to Disqualify

2          I first address Crombie's request that I disqualify myself under 28 U.S.C.

3 § 455(a).  A magistrate judge "shall disqualify himself in any proceeding in which his

4 impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

5          The standard for determining whether a judge's "impartiality might reasonably be

6 questioned" is "whether a reasonable person with knowledge of all the facts would

7 conclude that the judge's impartiality might reasonably be questioned . . . ."  *United*

8 *States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).  What matters under § 455(a) "is

9 not the reality of bias or prejudice but its appearance."  *Liteky v. United States*, 510 U.S.

10 540, 548 (1994).  This inquiry is an objective one, made from the perspective of a

11 reasonable person who is informed of all the surrounding facts and circumstances.

12 *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000).  The reasonable person is

13 not "hypersensitive or unduly suspicious" but is a "well-informed, thoughtful observer."

14 *Holland*, 519 F.3d at 913.

15          A judge should not disqualify himself when the facts do not warrant

16 disqualification, as there is an equally compelling obligation not to recuse where it is not

17 appropriate.  *Id.* at 912 ("We are as bound to recuse ourselves when the law and facts

18 require as we are to hear cases when there is no reasonable factual basis for recusal.").

19          Finally, although there is no statutory time limit on motions to disqualify under

20 § 455, courts scrutinize motions to disqualify that are filed after the party seeking

21 disqualification has sustained an adverse ruling.  *E.g.*, *Miles v.* Ryan, --- F.3d ---, 2012

22 WL 4465606, at *2 (9th Cir. Sept. 28, 2012) (statement in support of order denying

23 motion for recusal) (finding that motion for recusal made after case was decided was

24 "inappropriate"); *United States v. Sierra Pacific Industries*, 759 F. Supp. 2d 1198, 1205-

25 06 (E.D. Cal. 2010) (denying disqualification).  "Granting a motion to recuse many

26 months after an action has been filed wastes judicial resources and encourages

27 manipulation of the judicial process." *Willner v. University of Kansas*, 848 F.2d 1023,

28 1029 (10th Cir. 1988).

1       Here, Crombie contends that my impartiality might reasonably be questioned

2   under two theories.  First, Crombie contends that I have a "long personal and

3   professional relationship history" with Mark Fickes, counsel for Paron.  Doc. No. 162 at

4   15.  In this, Crombie's charge is exaggerated and mostly incorrect.  It is correct that Mr.

5   Fickes and I were classmates in law school at the University of California, Hastings

6   College of Law, from 1992-1995.  Yet we have had neither a personal nor a professional

7   connection since 1995.  Crombie asserts that we "worked on related or same cases in the

8   recent years" but provides no examples.  Mr. Fickes previously worked at the U.S.

9   Securities and Exchange Commission.  Immediately before becoming a magistrate judge,

10   I was employed by the U.S. Department of Justice (in the U.S. Attorney's Office, and

11   before that, for the Antitrust Division) from 2003 to 2011.  I have never worked for the

12   SEC.  To my knowledge, I have never worked with Mr. Fickes, and we have never

13   worked on the same case.  If we ever worked on "related" cases, I am not aware of it.

14   Crombie has not provided evidence of the cases he thinks connect me with Mr. Fickes.

15       At worst, it can be said that I have had similar educational and employment

16   experiences with one of the attorneys appearing before me.  Having similar experiences

17   and interests as a lawyer appearing before me does not disqualify me from being a judge

18   in the case.  *See Miles*, 2012 WL 4465606, at *1.

19       Second, Crombie contends that because he has not prevailed on various discovery

20   motions, then I must not be impartial.  Adverse rulings, without more, do not create the

21   appearance of bias.  *Liteky*, 510 U.S. at 555 ("Judicial rulings alone almost never

22   constitute a valid basis for a bias or partiality motion.").  And here, contrary to

23   Crombie's assertions, I have granted some of Crombie's disputed discovery requests.

24   For example, on January 26, 2012, I permitted his request to seek discovery from eleven

25   non-parties.  Doc. No. 75.  On February 16, 2012, I expanded the discovery to three

26   more non-parties.  Doc. No. 81.  On March 30, 2012, I ordered Paron to file a summary

27   of all categories of documents it had produced to Crombie and CFTC.  Doc. No. 113.

28   Paron complied, identifying 173,000 pages of documents in various categories.  Doc.

1   No. 115.  Also on March 30, I required Paron to produce to Crombie exemplars of

2   marketing documents that were sent to and from a Paron email address,

3   info@paroncap.com, and to explain the procedure it used in selecting the exemplars.  *Id.*

4           In sum, a reasonable person, who is informed of all the surrounding facts and

5   circumstances in this case, would not reasonably question my impartiality in this case.

6   Therefore, I decline Crombie's request that I disqualify myself.

7   **III.    Requests for Judicial Notice**

8           I turn next to Crombie's requests for judicial notice under Federal Rule of

9   Evidence 201.  Doc. Nos. 164, 165, 166.

10          Under Rule 201, the court "may judicially notice a fact that is not subject to

11  reasonable dispute because it: (1) is generally known within the trial court's territorial

12  jurisdiction; or (2) can be accurately and readily determined from sources whose

13  accuracy cannot reasonably be questioned."  *See United States v. Howard*, 381 F.3d 873,

14  876 n.1 (9th Cir. 2004); *Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1177-78

15  (N.D. Cal. 2010).  The Ninth Circuit has traditionally interpreted Rule 201 as allowing

16  courts to "take notice of proceedings in other courts, both within and without the federal

17  judicial system, if those proceedings have a direct relation to matters at issue." *United*

18  *States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248

19  (9th Cir. 1992).  In *Botelho*, the Court denied a contested request for judicial notice, and

20  the Court noted that the objection by one party was an indication that a document's

21  authenticity was not so clear "that only an unreasonable person would insist on

22  disputing" it.  *Botelho,* 692 F. Supp. 2d at 1177 (citations omitted).

23          Here, Crombie asks the Court to take judicial notice of more than 700 pages of

24  materials.  Attached to his motion to compel and to extend discovery (Doc. No. 162),

25  Crombie submitted: (1) a pleading (joint discovery plan) from his bankruptcy case in the

26  Northern District of California; (2) pleadings from the *Paron Capital v. Rothstein, Kass*

27  *& Company* lawsuit in San Francisco Superior Court; and (3) deposition transcripts of

28  McConnon and Lyons from the San Francisco Superior Court case.  In documents

attached to notices numbered 164 and 166, Crombie attached pleadings, documents produced through discovery, transcripts, and correspondence with counsel, from arbitration proceedings and from the Delaware case between Paron Capital and Crombie.[4]

CFTC objects to Crombie's requests for judicial notice and asks the Court to strike them as improper.  Doc. No. 174.  CFTC disagrees with Crombie that the information he has submitted is undisputed.

In considering the materials submitted by Crombie under Federal Rule of Evidence 201, I determine that only the pleadings from Crombie's bankruptcy case in this District are not subject to reasonable dispute and have a direct relation to matters at issue.  The bankruptcy pleadings can be accessed accurately and readily via PACER (an internet, publicly-accessible court service), and I find that the discovery plan in the bankruptcy case has a direct connection to this dispute.  I therefore take judicial notice of the discovery plan filed at document 162-1.

As to the pleadings and transcripts from Delaware Chancery Court, the authenticity of those materials cannot so easily be "accurately and readily determined."  The materials are not available through PACER or the Chancery Court's web page.  Furthermore, CFTC has objected to the request for judicial notice of these documents.  I decline the invitation to take judicial notice of the Delaware materials.

As to the pleadings from San Francisco Superior Court, I am not persuaded that a lawsuit by Paron Capital against its accountant has a "direct relation" to this case, which is a fraud case by CFTC against Paron Capital and Crombie.  I therefore do not take notice of the Superior Court case pleadings or the depositions from that case.

Finally, the various other materials submitted—including emails among attorneys and the parties, documents produced in discovery from other parties, pleadings from arbitrations, and pleadings in the bankruptcy proceeding that appear to be repetitive of

---

[4] There are no documents attached to document 165, which primarily repeats arguments made by Crombie in other submissions discussed in this Order.

other pleadings in this case—are not appropriate for judicial notice either, as they are not
undisputed facts, and the Court cannot readily ascertain the accuracy and authenticity of
the documents.

In sum, I take judicial notice of the bankruptcy discovery plan in document 162-1
and decline the request for judicial notice of all other documents submitted by Crombie
in documents 164, 165, and 166.

**IV.     Requests to Dismiss Case, for Sanctions, and for Entry of Evidence**

Crombie, amid his requests for judicial notice, makes various demands for relief
beyond the relief he requests in his motion to compel and to extend the discovery period.
In both documents 164 and 165, Crombie asks for an "entry of undisputable evidence"
and to "dismiss case with prejudice."  Underlying both requests are Crombie's apparent
desire for this court to review and correct litigation events that took place in Delaware
Chancery Court. *See* Doc. No. 165 at p. 1.

Although the Court must afford pro se litigants' pleadings liberal construction,
pro se litigants are nevertheless "bound by the rules of procedure" the same as other
litigants. *Siemion v. Stewart*, No. cv-11-120-BLG-RFC-CSO, 2012 WL 1424736, at *20
(D. Mont. April 24, 2012) (quoting *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).
Pro se litigants like Crombie "must follow the same rules of procedure that govern other
litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  And, based on its inherent
powers, a court may strike material from the docket, including portions of a document,
reflecting procedural impropriety or lack of compliance with court rules or orders. *Jones
v. Metro Life Ins. Co.*, No. 08-cv-03971 JW (DMR), 2010 WL 4055928, at *6 (N.D. Cal.
Oct. 15, 2010) (collecting cases).

Here, I strike Crombie's documents 164 and 165 to the extent those filings
request dismissal, summary judgment, sanctions, or for this court to intervene in the
Delaware Chancery dispute.  Federal Rule of Civil Procedure 7(b)(1) mandates that
requests for a court order must be made by motion.  All motions "must state with
particularity" the grounds for seeking the order, and state the relief sought.  Fed. R. Civ.
P. 7(b)(1).  Civil Local Rules of the Northern District of California mandate additional

1  requirements for motions.  Local Rule 7-4(a)(3) requires a motion to include a statement

2  of issues to be decided; 7-4(a)(4) requires a succinct statement of relevant facts; 7-3(d)

3  provides that once a reply brief is filed, no additional submissions are permitted without

4  leave of court; 7-5(a) requires that "factual contentions" made in support of a motion

5  "must be supported by a declaration and by appropriate references to the record"; and 7-

6  8(a) requires that a motion for sanctions must be separately filed.

7       Contrary to what is required by the rules, Crombie's submissions in documents

8  164 and 165 are not specific as to the grounds for seeking relief, the alleged facts are not

9  succinct and are not supported by a reference to record evidence, and Crombie has mixed

10  requests for relief in this case, in Delaware Chancery Court, and in bankruptcy court.

11       Under Local Rule 1-4, if a party fails to follow the local court rules, the court may

12  impose any authorized sanction.  Crombie has a responsibility to participate in the

13  proceedings in accordance with the rules.  His failure to do so strains the court and, more

14  significantly, works unfair prejudice on other parties and witnesses in this dispute, who

15  are compelled to defend themselves.  I therefore strike documents 164 and 165, except

16  the portions requesting judicial notice.

17  **V.    Motion to Compel**

18       In document 162, Crombie moves to compel Paron to produce documents to him.

19  Many of the assertions are ones that were addressed during earlier discovery hearings in

20  the case.  And most of the assertions concern the Delaware case and Crombie's

21  bankruptcy case.  For example, at page 3 of his motion, Crombie challenges Paron's pre-

22  trial disclosures in the Delaware case.  Yet, as summarized by Paron, Paron has produced

23  to Crombie *in this case* the deposition transcripts, trial exhibits, all documents produced

24  to or from Crombie, and all documents received from the NFA in the Delaware action.

25  Doc. No. 115 at 2.

26       Similarly, at page 6 of his motion, Crombie seems to invite my intervention in the

27  discovery process in the bankruptcy court.  This Court, however, lacks jurisdiction over

28  the bankruptcy action, and to be clear, I am not empowered to supervise discovery in the

bankruptcy proceeding.

1

2          At bottom, having considered the evidence submitted by Paron as to the

documents it has produced in this case (Doc. No. 115), and the assertions by Crombie as

3    to his need for additional documents from Paron, I find that Crombie has not

4    demonstrated that Paron has failed to make disclosures or to provide discovery under

5    Federal Rule of Civil Procedure 37.  Crombie's motion to compel is denied.

6    **VI.    Motion to Extend Discovery**

7          Finally, Crombie seeks to extend the fact discovery period from July 13 to

8    December 31, 2012.  Doc. No. 162 at p. 8.  A discovery schedule may be modified "only

9    for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

10         Here, Crombie asserts that more time is needed for discovery because on July 12,

11   the day before the end of discovery, CFTC produced additional documents to him.  Doc.

12   No. 162 at p. 8.  CFTC, in opposing the request, notes that it earlier produced documents

13   on January 4, 2012, February 28, 2012, and April 30, 2012, and that it has produced

14   nearly every non-confidential written communication in its files, whether requested by

15   the defendants or not.  Doc. No. 167 at n.3.

16         The particular documents that Crombie received on July 12 from CFTC were

17   pleadings from the San Francisco Superior Court case between Paron and accounting

18   firm Rothstein, Kass & Company.  The significance of the Rothstein Kass case to

19   Crombie is that a judge in that case has permitted discovery from McConnon and Lyons,

20   whereas in this case Crombie asserts he has been denied that same discovery.  This,

21   however, does not evidence good cause.  The key distinction between the two cases is

22   that in this case, the Court dismissed Crombie's claim against McConnon and Lyons,

23   whereas in the Rothstein Kass case, the court has not reached that procedural question.

24          Having reviewed all of Crombie's pleadings, I conclude that if Crombie were

25   permitted more time for discovery, he would likely use it to pursue claims, defenses, and

26   interests in the Delaware action, the bankruptcy action, the Rothstein Kass action, and in

27   newly planned suits in this Court.  Crombie has not plainly presented good cause to

28   extend the discovery period in *this* case.  Therefore, his motion to extend the discovery

period to December 31 is denied.

1

* * *

2      In conclusion, the Court denies the motion for disqualification, grants in part and

3 denies in part the requests for judicial notice, denies the motion to compel, and denies

4 the motion to extend the discovery period.

5      Any party may object to this order within fourteen days.  Fed. R. Civ. P. 72(a).

6      IT IS SO ORDERED.

7      DATED: November 5, 2012                    _____

8                                                 NATHANAEL M. COUSINS
                                                  United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28