IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | No. C 11-04577 CW |
| Plaintiff, | JUDGMENT AND ORDER GRANTING PLAINTIFF CFTC'S MOTION FOR PERMANENT INJUNCTION, RESTITUTION, AND IMPOSITION OF CIVIL MONETARY PENALTIES AGAINST DEFENDANT JAMES D. CROMBIE |
| v. | |
| JAMES D. CROMBIE, | |
| Defendants. | |
| _____/ | |

On July 26, 2013, the Court granted the motion of Plaintiff United States Commodity Futures Trading Commission (CFTC) for summary judgment on each count in the CFTC's Amended Complaint. (Dkt. No. 267.)  The Court also denied Defendant James D. Crombie's cross-motion for summary judgment and his motion for leave to file new claims.  Id.

The Court instructed the CFTC to file a motion addressing the relief it seeks.  The CFTC now moves the Court for an order permanently enjoining Crombie from participating in markets regulated by the CFTC and requiring him to pay restitution and a civil monetary penalty.  Having considered the papers submitted by the parties, the Court GRANTS the CFTC's motion.  It is therefore ORDERED and ADJUDGED as follows:

United States District Court
For the Northern District of California

I.   JUDGMENT

1.   Consistent with the findings of fact and conclusions of law set forth in the Court's July 26, 2013 Order, the Court hereby enters the following judgment:

    a.   Crombie violated Section 9(a)(4) of the Commodity Exchange Act (the Act), 7 U.S.C. § 13(a)(4)(2012), by willfully misrepresenting to the National Futures Association (NFA) information regarding Crombie's financial performance history and loans Crombie had received from individuals; and

    b.   Crombie violated Sections 4b(a)(1)(A), (B) and 4o(1)(A), (B) of the Act, 7 of the Act, 7 U.S.C. §§ 6b(a)(1)(A), (B); 6o(1) (A), (B) (2012), by willfully making misrepresentations and omissions to prospective customers of Paron Capital Management, LLC (Paron).

2.   As a result of these violations of the Act, and as set forth in more detail below, the Court orders that Crombie is permanently enjoined from further violations of the Act and from future participation in the markets regulated by the CFTC.

3.   As a result of these violations of the Act, and as set forth in more detail below, Crombie shall pay:

    a.   Restitution in the amount of seven hundred forty-six thousand, four hundred sixty dollars and twenty-eight cents ($746,460.28) plus pre-judgment interest in the amount of forty-three thousand eighty dollars and nineteen cents ($43,080.19), plus any post-judgment interest as determined by statute; and

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    b.   A civil monetary penalty in the amount of seven

2    hundred fifty thousand dollars ($750,000), plus any post-

3    judgment interest as determined by statute.

4    II.   PERMANENT INJUNCTION

5    4.   Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1

6    (2012), Crombie is permanently restrained, enjoined and prohibited

7    from directly or indirectly:

8         a.   Engaging, directly or indirectly, in any conduct in

9    violation of Section 9(a)(4) of the Act, 7 U.S.C. § 13(a)(4)

10   (2012);

11        b.   Engaging, directly or indirectly, in any conduct in

12   violation of Sections 4b(a)(1)(A), (B) of the Act, 7 U.S.C.

13   §§ 6b(a)(1)(A), (B) (2012); or

14        c.   Engaging, directly or indirectly, in any conduct in

15   violation of Sections 4o(1)(A), (B) of the Act, 7 U.S.C. §§

16   6o(1) (A), (B) (2012).

17   5.   Crombie is also permanently restrained, enjoined and

18   prohibited from directly or indirectly:

19        a.   Trading on or subject to the rules of any

20   registered entity (as that term is defined in Section 1a of

21   the Act, 7 U.S.C. § 1a (2012));

22        b.   Entering into any transactions involving commodity

23   futures, options on commodity futures, commodity options (as

24   that term is defined in Regulation 1.3 (hh), 17 C.F.R. §

25   1.3(hh) (2011)), security futures products, swaps (as that

26   term is defined in Section 1a(47) of the Act, 7 U.S.C. §

27   1a(47), and as further defined by Regulation 1.3(xxx), 17

28   C.F.R. § 1.3(xxx)), and/or foreign currency (as described in

Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) (2012)) (forex contracts) for his own personal account or for any account in which he has a direct or indirect interest;

    c.   Having any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts traded on his behalf;

    d.   Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

    e.   Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, swaps and/or forex contracts;

    f.   Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and/or

    g.   Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent or any other officer or employee of any person (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (2012)) registered, exempted from registration or required to be

United States District Court
For the Northern District of California

registered with the Commission except as provided for in
Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

III. RESTITUTION

6.   Crombie shall pay restitution in the amount of seven
hundred forty-six thousand, four hundred sixty dollars and twenty-
eight cents ($746,460.28) plus pre-judgment interest in the amount
of forty-three thousand eighty dollars and nineteen cents
($43,080.19) (collectively, the Restitution Obligation), plus
post-judgment interest, within ten (10) days of the date of the
entry of this Order.  Post-judgment interest shall accrue on the
Restitution Obligation beginning on the date of entry of this
Order and shall be determined by using the Treasury Bill rate
prevailing on the date of entry of this Order, pursuant to 28
U.S.C. § 1961.

7.   To effect payment of the Restitution Obligation and the
distribution of any restitution payments to Crombie's and/or
Paron's customers or clients, the Court appoints the National
Futures Association (NFA) as Monitor.  The Monitor shall collect
restitution payments from Crombie and make distributions as set
forth below.  Because the Monitor is acting as an officer of this
Court in performing these services, NFA shall not be liable for
any action or inaction arising from NFA's appointment as Monitor,
other than actions involving fraud.

8.   Crombie shall make Restitution Obligation payments under
this Order to the Monitor in the name "Crombie – Restitution Fund"
and shall send such Restitution Obligation payments by electronic
funds transfer, or by U.S. postal money order, certified check,
bank cashier's check, or bank money order, to the Office of

United States District Court
For the Northern District of California

Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under a cover letter that identifies the paying Defendant and the name and docket number of this proceeding.  Crombie shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

9.   The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Crombie's and/or Paron's customers or clients identified by the CFTC or may defer distribution until such time as the Monitor deems appropriate.  In the event that the amount of Restitution Obligation payments to the Monitor are of a de minimis nature such that the Monitor determines that the administrative cost of making a distribution to eligible customers or clients is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the CFTC following the instructions for civil monetary penalty payments set forth in Part III below.

10.   Crombie shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Crombie's and/or Paron's customers or clients whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments.  Crombie shall execute any documents necessary to release funds that he has in any repository, bank, investment or

other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

11.   The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Crombie's and/or Paron's customers or clients during the previous year.  The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

12.   The amounts payable to each customer or client shall not limit the ability of any customer or client from proving that a greater amount is owed from Crombie or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer or client that exist under state or common law.

13.   Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer or client of Crombie and/or Paron who suffered a loss is explicitly made an intended beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Crombie.

14.   To the extent that any funds accrue to the U.S. Treasury for satisfaction of Crombie's Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

IV.  CIVIL MONETARY PENALTY

15.  Crombie shall pay a civil monetary penalty in the amount of seven hundred fifty thousand dollars ($750,000.00) (CMP Obligation), plus post-judgment interest, within ten (10) days of the date of the entry of this Order.  Post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order, pursuant to 28 U.S.C. § 1961.

16.  Crombie shall pay his CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN:  Accounts Receivables – AMZ 340
> E-mail Box:  9-AMC-AMZ-AR-CFTC DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> Telephone: (405) 954-5644

If payment by electronic funds transfer is chosen, Crombie shall contact Linda Zurhorst or her successor at the address above to receive payment instructions and shall fully comply with those instructions.  Crombie shall accompany payment of the CMP Obligation with a cover letter that identifies Crombie and the name and docket number of this proceeding.  Crombie shall

United States District Court
For the Northern District of California

8

simultaneously transmit copies of the cover letter and the form of
payment to the Chief Financial Officer, Commodity Futures Trading
Commission, Three Lafayette Centre, 1155 21st Street, NW,
Washington, DC 20581.

     V.   MISCELLANEOUS PROVISIONS

     17.  All notices required to be given by any provision in
this Order shall be sent certified mail, return receipt requested,
as follows:

```
Notice to CFTC:     Director, Division of Enforcement
                    Three Lafayette Centre
                    1121 21st Street NW
                    Washington, DC 20581

Notice to Crombie:  James D. Crombie
                    P.O. Box 2140
                    Merrifield, VA 22116
                    james.d.crombie@gmail.com
```

     All such notices to the CFTC shall reference the name and
docket number of this action.

     18.  Until such time as Crombie satisfies in full his
Restitution Obligation and CMP Obligation as set forth in this
Order, Crombie shall provide written notice to the Commission by
certified mail of any change to his telephone number and mailing
address within ten (10) calendar days of the change.

     19.  This Court shall retain jurisdiction of this action in
order to implement and carry out the terms of all orders and
decrees, including orders setting the appropriate amounts of
restitution and civil monetary penalty, that may be entered
herein, to entertain any suitable application or motion for

additional relief within the jurisdiction of the Court, to assure compliance with this Order and for any other purpose relevant to this action.

20. The injunctive and equitable relief provisions of this Order shall be binding upon Crombie, upon any person under his authority or control, and upon any person who receives actual notice of this Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Crombie.

IT IS SO ORDERED AND ADJUDGED.

Dated: 11/21/2013

CLAUDIA WILKEN
United States District Judge